CITY OF PADUCAH *v.* A. S. JONES'S ADM'X, ET AL.

**City—Street Improvements—Payments for.**
> The city is liable for such improvements of a public street as are ordered by it; and if there is a contract between the contractor and the owners of the real estate by which the owners are to pay for such work or any part thereof, the city to avoid payment must set up such contract by way of answer.

APPEAL FROM McCRACKEN CIRCUIT COURT.

September 22, 1874.

OPINION BY JUDGE COFER:

We perceive no error in the judgment against the city. The evidence does not, in our opinion, establish the existence of a street across the "reserved ground," either by express or implied recognition by appellee or its vendors.

The city, having directed the improvement to be made, cannot escape payment to the contractor on the ground that there was no street at the place where the work was done. It was the duty of the

mayor and council, and not of the contractor, to know whether or not there was a street at the place directed to be improved. Nor can the city, under the pleadings in this case, escape the payment of any part of the sum now due the contractor.

It is true he agreed to look to the owners of property for all the work done under private contracts, and it is also true that Harris, who seems to have owned one-fourth, and Norton, who seems to have owned two-thirds of one-fourth of the reserved ground, signed contract, but one of the appellees, Jones, sued the railroad company and Morrow for the whole amount due for the entire work done on this part of the street. Having alleged facts which rendered the city liable in case the owners of the property were not, it was the duty of the city to set up such defense as it had, and if it meant to rely for exoneration on the fact that a part of the work, the price of which was sued for, was done under private contract, it should have set forth the facts in its answer.

There is no allegation in the answer that Norton or Harris had signed the private contract; and there was, therefore, nothing on which to base the action of the circuit court in deducting the amount of their supposed liability from the amount shown by the estimates to be due to Jones. The petition showed that Morrow had signed the contract; the evidence shows that he had paid his share of the assessment; and the judgment was right, both as to him, and also as to the deduction made for the payment made by him.

But as Norton & Harris signed the contract, and were probably liable to Jones' administratrix for their share of the work done on the reservation, the city ought to be allowed to amend its answer, and set up that fact, if it offers to do so in a reasonable time; and the plaintiff should also be allowed to amend her petition, if she desires to do so, so as to make Harris & Norton parties, and so as to enforce any lien that may exist on their interest in the land.

Wherefore the judgment is *affirmed* on the original, and *reversed* on the cross-appeal, and the cause is remanded for further proceedings in accordance with this opinion.

*D. A. McGaugill, for appellant.*
*P. D. Yeiser, for appellees.*